116 T.C. No. 30

UNITED STATES TAX COURT

CHRYSLER CORPORATION, f.k.a. CHRYSLER HOLDING CORPORATION,
 AS SUCCESSOR BY MERGER TO CHRYSLER MOTORS CORPORATION
   AND ITS CONSOLIDATED SUBSIDIARIES, Petitioner <u>v</u>.
       COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22148-97.                    Filed June 29, 2001.

        P's 1980, 1981, and 1982 Federal income tax
returns claimed deductions for foreign tax liabilities
which had accrued during those years.  On July 24,
1995, P amended those returns to elect foreign tax
credits in lieu of the deductions and amended its 1985
return to claim a refund from a carryover of the
foreign taxes to 1985.  R disallowed the claim,
determining in relevant part that P's change of the
deductions to credits was untimely under sec. 901(a),
I.R.C.
        <u>Held</u>:  P's election to credit the foreign taxes
was untimely under sec. 901(a), I.R.C.  The period
specified therein commenced on the due dates of the
returns for 1980, 1981, and 1982, the years for which P
elected the foreign tax credit.

James P. Fuller, Ronald B. Schrotenboer, Kenneth B. Clark, William F. Colgin, and Barton W.S. Bassett, for petitioner.

Jeffrey L. Bassin, Nancy B. Herbert, and Bethany A. Ingwalson, for respondent.

OPINION

LARO, Judge:  Respondent moves the Court for partial summary judgment.  See Rule 121.  Respondent determined deficiencies of $593,967, $13,064,705 and $36,102,409 in petitioner's Federal income taxes for 1983, 1984, and 1985, respectively.  The deficiencies are attributable partially to respondent's determination that petitioner could not in 1995 amend its 1985 tax return to claim for that year a carryover of foreign tax credits which accrued in 1980, 1981, and 1982.

We decide for the first time whether petitioner timely elected under section 901(a) to credit (rather than deduct) its 1980, 1981, and 1982 foreign taxes.[1]  We hold it did not.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

_____

[1] The parties also dispute whether petitioner timely claimed a refund under sec. 6511(d)(3)(A).  On the basis of our holding on the issue before us, we need not decide that dispute.

## Background

All facts were stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. The stipulated facts are found accordingly. Petitioner's principal place of business was in Auburn Hills, Michigan, when the petition was filed. Petitioner is an accrual basis taxpayer that reports its income and expenses on the basis of the calendar year.

Petitioner timely filed its 1980 through 1985 Federal income tax returns on or about September 15 of the appropriate years. Petitioner deducted on its 1980 through 1983 returns its foreign taxes that accrued during those years. Petitioner claimed as a credit on its 1984 and 1985 returns its foreign taxes that accrued during those years. Petitioner reported the information shown in appendix A on its 1980 through 1985 returns, as originally filed.

On July 24, 1995, petitioner amended its 1980 through 1985 returns. On that date, the period of limitation for assessment, credit, or refund was closed for 1980, 1981, and 1982 and open for 1983, 1984, and 1985. On each of the 1980 through 1983 amended returns, petitioner claimed a credit for its accrued foreign taxes, rather than the deduction it had reported originally. Petitioner's 1980 through 1985 amended returns disclose the information summarized in appendix B.

On its original 1980 return, petitioner included $17,945,227 of section 78 gross-up income and claimed a deduction in the same amount. Petitioner also deducted $16,610,858 as direct foreign taxes paid, for a total deduction of $34,556,085. The 1980 amended return eliminated the foreign tax deduction, claiming in its place creditable foreign taxes (in the amount of the original deduction) resulting from direct and deemed paid taxes. The 1980 amended return also claimed an additional $8,686,479 of deemed paid taxes, for total creditable foreign taxes of $43,242,564. The 1980 amended return reported total section 78 gross-up income of $26,631,706, an increase of $8,686,479 over the $17,945,227 reported on the original 1980 return.

On its 1980 through 1982 amended returns, petitioner reported that the election of the foreign tax credit generated increased taxable income from the disallowance of the deduction for foreign taxes and increased section 78 gross-up income. Those amended returns reported net operating losses (NOL's) and no U.S. tax liability against which to credit foreign taxes; accordingly, petitioner applied no foreign tax credits on those amended returns. Petitioner had no taxable income or U.S. tax liability for 1978 and 1979 against which a foreign tax credit from 1980 or 1981 could have been applied by way of a carryback.

Pursuant to petitioner's 1985 amended return, the creditable foreign taxes reported on the 1980 through 1982 amended returns

were carried forward and claimed as a credit on the 1985 amended return, generating a claimed refund of $6,771,601 for that year. The carryover also "freed up" investment tax credits of $38,372,409 claimed on the original 1985 return, which petitioner treated as eligible to be carried forward to later years.

In the notice of deficiency, respondent denied petitioner's refund claim made by way of the 1985 amended return. Respondent determined that petitioner's taxable income for 1980 through 1985, and its NOL carryover deductions for 1982 through 1985, were as follows:

| Year | Taxable Income Per Notice of Deficiency | NOL Carryover Deduction |
|------|------------------------------------------|--------------------------|
| 1980 | $(1,073,590,197) | -0- |
| 1981 | (458,366,008) | -0- |
| 1982 | -0- | $1,631,010 |
| 1983 | -0- | 527,861,679 |
| 1984 | 323,669,637 | 1,356,138,685 |
| 1985 | 1,311,979,860 | -0- |

Taking into account agreed adjustments, the table in appendix C shows the result if petitioner is allowed to change its reporting for foreign taxes accrued in 1980, 1981, and 1982 from a deduction to a credit.

## Discussion

The issue at hand involves three sections of the Code; namely, sections 901, 904, and 6511. These sections provide in relevant part as follows:

SEC. 901. TAXES OF FOREIGN COUNTRIES AND OF
          POSSESSIONS OF UNITED STATES.

        (a) Allowance of Credit.--If the taxpayer chooses
to have the benefits of this subpart, the tax imposed
by this chapter shall, subject to the limitation of
section 904, be credited with the amounts provided in
the applicable paragraph of subsection (b) plus, in the
case of a corporation, the taxes deemed to have been
paid under sections 902 and 960.  Such choice for any
taxable year may be made or changed at any time before
the expiration of the period prescribed for making a
claim for credit or refund of the tax imposed by this
chapter for such taxable year.  * * *  [Emphasis
added.]

SEC. 904.  LIMITATION ON CREDIT.

        (a) Limitation.--The total amount of the credit
taken under section 901(a) shall not exceed the same
proportion of the tax against which such credit is
taken which the taxpayer's taxable income from sources
without the United States (but not in excess of the
taxpayer's entire taxable income) bears to his entire
taxable income for the same taxable year. * * *

                *    *    *    *    *    *    *

        (c) Carryback and Carryover of Excess Tax Paid.--
Any amount by which all taxes paid or accrued to
foreign countries or possessions of the United States
for any taxable year for which the taxpayer chooses to
have the benefits of this subpart exceed the limitation
under subsection (a) shall be deemed taxes paid or
accrued to foreign countries or possessions of the
United States in the second preceding taxable year, in
the first preceding taxable year, and in the first,
second, third, fourth, or fifth succeeding taxable
years, in that order and to the extent not deemed taxes
paid or accrued in a prior taxable year * * *

SEC. 6511.  LIMITATIONS ON CREDIT OR REFUND.

        (a) Period of Limitation on Filing Claim.--Claim
for credit or refund of an overpayment of any tax
imposed by this title in respect of which tax the
taxpayer is required to file a return shall be filed by
the taxpayer within 3 years from the time the return

was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, * * *

    *    *    *    *    *    *    *

(d) Special Rules Applicable to Income Taxes.--

    *    *    *    *    *    *    *

(3) Special rules relating to foreign tax credit.--

(A) Special period of limitation with respect to foreign taxes paid or accrued. If the claim for credit or refund relates to an overpayment attributable to any taxes paid or accrued to any foreign country or to any possession of the United States for which credit is allowed against the tax imposed by subtitle A in accordance with the provisions of section 901 or the provisions of any treaty to which the United States is a party, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be 10 years from the date prescribed by law for filing the return for the year with respect to which the claim is made.

Section 901(a) allows a taxpayer such as petitioner to elect to credit income taxes owed to a foreign country in lieu of deducting them under section 164(a)(3).[2] Respondent argues that petitioner's election was untimely. Respondent asserts that the phrases "for any taxable year" and "for such taxable year" that

_____

[2] While accrued foreign taxes must ultimately be paid to be eligible for credit, see sec. 905(b); see also sec. 1.901-2(e), Income Tax Regs., proof of payment is not at issue in this case.

appear in section 901(a) refer to petitioner's 1980, 1981, and 1982 taxable years rather than petitioner's 1985 taxable year. Petitioner argues that its election was timely. Because section 904(c) allows a taxpayer to carry over a foreign tax credit for up to 5 years, petitioner asserts, section 901(a), when read in the light of section 6511(d)(3)(A), generally allows a taxpayer up to 15 years to elect or change its election under section 901(a). Petitioner concludes that the relevant phrases refer to the year for which the overpayment is claimed on account of the foreign taxes; here, 1985. Petitioner asserts that its conclusion comports with Congress' intent for section 901(a), i.e., to avoid subjecting a taxpayer's foreign earnings to taxation by both the foreign country and the United States, and that its conclusion is consistent with the application of section 6511(d)(3)(A).

We agree with respondent that the 10-year period under section 901(a) is measured from the years for which P elected the foreign tax credits; i.e., 1980, 1981, and 1982.[3] We read the

---

[3] At the outset, we note that petitioner relies in part on legislative actions (including the release of committee reports) that occurred many years after the enactment of sec. 901(a) to construe the legislative intent underlying that section. We do not do likewise. As we stated in Central Reserve Life Corp. & Subs. v. Commissioner, 113 T.C. 231, 238 (1999) (citations and quotation marks omitted):

It is emphatically the province and duty of the judicial department to say what the law is, and the
(continued...)

phrase "for such taxable year" to refer to the "any taxable year" specified at the beginning of the same sentence, or, in other words, to the year for which the election of the foreign tax credit is made. The only other time that Congress used the word "such" in section 901(a) it did so to refer to the "choice" made by the taxpayer described in the first sentence of section 901(a). We believe it logical to conclude that Congress' use of the second "such", i.e., the one at issue, refers to the only "taxable year" described in section 901(a); namely, the year for which the election of the foreign tax credit is made.

Our reading comports with the Commissioner's regulations prescribed under section 901(a). Section 1.901-1(d), Income Tax Regs., provides that "The taxpayer may, for a particular taxable year, claim the benefits of section 901 (or claim a deduction in lieu of a foreign tax credit) at any time before the expiration of the period prescribed by section 6511(d)(3)(A)". Here, petitioner aims to "claim the benefits of section 901" for 1980, 1981, and 1982 and not for 1985. The benefits which petitioner

---

3(...continued)
views of one Congress as to the meaning of prior legislation have little bearing on a court's furtherance of that duty. Such is especially true in the instant case where few of the legislators who voted on the subsequent legislation * * * were members of Congress * * * [at the time of the original legislation].

is attempting to avail itself of in 1985 are the benefits of section 904(c).

We are mindful that the Court of Claims entered an order in the case of <u>Allatt v. United States</u>, 218 Ct. Cl. 694 (1978), that effectively allowed the taxpayer to make an election under section 901(a) outside the 10-year period discussed herein. It does not appear, however, that in that case the Commissioner raised, or the court addressed, an argument comparable to the one made by respondent here. In fact, the underlying opinion in <u>Allatt</u> addresses only the Commissioner's motion for summary judgment in which he sought (but the court rejected) an interpretation of section 901 that would limit to 3 years the time to make an election under section 901(a).

We hold that petitioner's elections for 1980, 1981, and 1982 were untimely. Accordingly, we will grant respondent's motion for partial summary judgment.

<u>An appropriate order will be issued granting respondent's motion for partial summary judgment</u>.

APPENDIX A--Information Shown on Original Returns

| Year | Reportable taxable income | NOL carryforward | Sec. 78 gross-up | Foreign tax deducted |
|------|---------------------------|------------------|------------------|----------------------|
| 1980 | ($1,060,731,645) | -0- | $17,945,227 | $34,556,085 |
| 1981 | (489,345,867) | -0- | -0- | 7,020,844 |
| 1982 | -0- | $58,634,098 | -0- | 3,631,958 |
| 1983 | -0- | 331,319,906 | -0- | -0- |
| 1984 | -0- | 1,381,445,931 | -0- | -0- |
| 1985 | 918,244,402 | 197,091,387 | -0- | -0- |

APPENDIX B--Information Shown on Amended Returns

| Year | Reportable taxable income | NOL carryforward | Sec. 78 gross-up | Foreign tax deducted |
|------|---------------------------|------------------|------------------|----------------------|
| 1980 | ($1,017,489,081) | -0- | $26,631,706 | -0- |
| 1981 | (476,743,564) | -0- | 5,581,459 | -0- |
| 1982 | -0- | $29,960,453 | 4,225,518 | -0- |
| 1983 | -0- | 328,059,940 | -0- | -0- |
| 1984 | -0- | 1,381,295,514 | -0- | -0- |
| 1985 | 951,917,484 | 129,375,575 | -0- | -0- |

| Year | Creditable foreign taxes | Sec. 901 direct tax | Sec. 902 deemed tax |
|------|--------------------------|---------------------|---------------------|
| 1980 | $43,242,564 | $16,610,858 | $26,631,706 |
| 1981 | 12,602,303 | 7,020,844 | 5,581,459 |
| 1982 | 7,857,476 | 3,631,958 | 4,225,518 |
| 1983 | -0- | -0- | -0- |
| 1984 | -0- | -0- | -0- |
| 1985 | -0- | -0- | -0- |

APPENDIX C--Result If Petitioner Is Allowed To Change Its
Reporting for Foreign Taxes Accrued in 1980, 1981,
and 1982 From a Deduction to a Credit

| Year | Sec. 901 direct taxes | Sec. 902 deemed taxes | Total creditable foreign taxes | Total deduction decreased | Sec. 78 income increase |
|------|------|------|------|------|------|
| 1980 | $14,997,403 | $26,631,706 | $41,629,109 | $34,556,085 | $8,686,479 |
| 1981 | 6,901,732 | 5,581,459 | 12,483,191 | 7,020,844 | 5,581,459 |
| 1982 | 3,631,958 | 4,225,518 | 7,857,476 | 3,631,958 | 4,225,518 |