CHRYSLER CORPORATION, F.K.A. CHRYSLER HOLDING CORPORATION, AS SUCCESSOR BY MERGER TO CHRYSLER MOTORS CORPORATION AND ITS CONSOLIDATED SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
CHRYSLER CORP. v. COMMISSIONER OF INTERNAL REVENUE
No. 22148-97
United States Tax Court
116 T.C. 465; 2001 U.S. Tax Ct. LEXIS 31; 116 T.C. No. 30; 81 T.C.M. (CCH) 4124; June 29, 2001, Filed Chrysler Corp. v. Commissioner, T.C. Memo 2000-283, 2000 Tax Ct. Memo LEXIS 332 (T.C., 2000)
*31 An appropriate order will be issued granting respondent's motion for partial summary judgment.     APPENDIX A -- Information Shown on Original Returns     Reportable       NOL     Sec. 78     Foreign
Year   taxable income    carryforward   gross-up    tax deducted
____   ______________    ____________   ________    ____________
1980   ($ 1,060,731,645)     -0-     $ 17,945,227   $ 34,556,085
1981    (489,345,867)     -0-        -0-      7,020,844
1982       -0-      $ 58,634,098     -0-      3,631,958
1983       -0-      331,319,906     -0-       -0-
1984       -0-     1,381,445,931     -0-       -0-
1985     918,244,402    197,091,387     -0-       -0-     APPENDIX B -- Information Shown on Amended Returns     Reportable       NOL     Sec. 78     Foreign
Year   taxable income    carryforward   gross-up    tax deducted
____   ______________    ____________ *32   ________    ____________
1980   ($ 1,017,489,081)     -0-     $ 26,631,706      -0-
1981    (476,743,564)     -0-      5,581,459      -0-
1982       -0-      $ 29,960,453    4,225,518      -0-
1983       -0-      328,059,940     -0-       -0-
1984       -0-     1,381,295,514     -0-       -0-
1985     951,917,484    129,375,575     -0-       -0-      Creditable     Sec. 901     Sec. 902
Year    foreign taxes    direct tax    deemed tax
____    _____________    __________    __________
1980    $ 43,242,564    $ 16,610,858  $ 26,631,706
1981     12,602,303     7,020,844    5,581,459
1982      7,857,476     3,631,958    4,225,518
1983       -0-        -0-       -0-
1984       -0-        -0-       -0-
1985       -0-        -0-       -0-   APPENDIX C -- Result If Petitioner Is Allowed To Change *33 Its     Reporting for Foreign Taxes Accrued in 1980, 1981,        and 1982 From a Deduction to a Credit                  Total                 creditable    Total     Sec. 78    Sec. 901    Sec. 902    foreign   deduction    income
Year  direct taxes  deemed taxes   taxes    decreased    increase
____  ____________  ____________ __________   _________    ________
1980 $ 14,997,403  $ 26,631,706 $ 41,629,109 $ 34,556,085 $ 8,686,479
1981   6,901,732    5,581,459   12,483,191   7,020,844   5,581,459
1982   3,631,958    4,225,518   7,857,476   3,631,958   4,225,518 P's 1980, 1981, and 1982 Federal income tax returns claimed   deductions for foreign tax liabilities which had accrued during   those years. On July 24, 1995, P amended those returns to elect   foreign tax credits in lieu of the deductions and amended its   1985 return to claim a refund from a carryover of the foreign   taxes to 1985. R disallowed the claim, determining in relevant   part that P's change *34 of the deductions to credits was untimely   under sec. 901(a), I.R.C.     HELD: P's election to credit the foreign taxes was untimely   under sec. 901(a), I.R.C. The period specified therein commenced   on the due dates of the returns for 1980, 1981, and 1982, the   years for which P elected the foreign tax credit. James P. Fuller, Ronald B. Schrotenboer, Kenneth B. Clark,
William F. Colgin, and Barton W.S. Bassett, for petitioner.
Jeffrey L. Bassin, Nancy B. Herbert, and Bethany A. Ingwalson,
for respondent. Laro, David LARO
*465 OPINION
LARO, JUDGE: Respondent moves the Court for partial summary judgment. See Rule 121. Respondent determined deficiencies of $ 593,967, $ 13,064,705 and $ 36,102,409 in petitioner's Federal income taxes for 1983, 1984, and 1985, respectively. The deficiencies are attributable partially to respondent's determination that petitioner could not in 1995 amend its 1985 tax return to claim for that year a carryover of foreign tax credits which accrued in 1980, 1981, and 1982. *466 We decide for the first time whether petitioner timely elected under section 901(a) *35 to credit (rather than deduct) its 1980, 1981, and 1982 foreign taxes. [1] We hold it did not. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.
BACKGROUND
All facts were stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. The stipulated facts are found accordingly. Petitioner's principal place of business was in Auburn Hills, Michigan, when the petition was filed. Petitioner is an accrual basis taxpayer that reports its income and expenses on the basis of the calendar year.
Petitioner timely filed its 1980 through 1985 Federal income tax returns on or about September 15 of the appropriate years. Petitioner deducted on its 1980 *36 through 1983 returns its foreign taxes that accrued during those years. Petitioner claimed as a credit on its 1984 and 1985 returns its foreign taxes that accrued during those years. Petitioner reported the information shown in appendix A on its 1980 through 1985 returns, as originally filed.
On July 24, 1995, petitioner amended its 1980 through 1985 returns. On that date, the period of limitation for assessment, credit, or refund was closed for 1980, 1981, and 1982 and open for 1983, 1984, and 1985. On each of the 1980 through 1983 amended returns, petitioner claimed a credit for its accrued foreign taxes, rather than the deduction it had reported originally. Petitioner's 1980 through 1985 amended returns disclose the information summarized in appendix B.
On its original 1980 return, petitioner included $ 17,945,227 of section 78 gross-up income and claimed a deduction in the same amount. Petitioner also deducted $ 16,610,858 as direct foreign taxes paid, for a total deduction of $ 34,556,085. The 1980 amended return eliminated the foreign tax deduction, claiming in its place creditable foreign taxes (in the amount of the original deduction) resulting from *467 direct and deemed paid *37 taxes. The 1980 amended return also claimed an additional $ 8,686,479 of deemed paid taxes, for total creditable foreign taxes of $ 43,242,564. The 1980 amended return reported total section 78 gross-up income of $ 26,631,706, an increase of $ 8,686,479 over the $ 17,945,227 reported on the original 1980 return.
On its 1980 through 1982 amended returns, petitioner reported that the election of the foreign tax credit generated increased taxable income from the disallowance of the deduction for foreign taxes and increased section 78 gross-up income. Those amended returns reported net operating losses (NOL's) and no U.S. tax liability against which to credit foreign taxes; accordingly, petitioner applied no foreign tax credits on those amended returns. Petitioner had no taxable income or U.S. tax liability for 1978 and 1979 against which a foreign tax credit from 1980 or 1981 could have been applied by way of a carryback.
Pursuant to petitioner's 1985 amended return, the creditable foreign taxes reported on the 1980 through 1982 amended returns were carried forward and claimed as a credit on the 1985 amended return, generating a claimed refund of $ 6,771,601 for that year. The carryover *38 also "freed up" investment tax credits of $ 38,372,409 claimed on the original 1985 return, which petitioner treated as eligible to be carried forward to later years.
In the notice of deficiency, respondent denied petitioner's refund claim made by way of the 1985 amended return. Respondent determined that petitioner's taxable income for 1980 through 1985, and its NOL carryover deductions for 1982 through 1985, were as follows:        Taxable Income Per        NOL   Year    Notice of Deficiency    Carryover Deduction   ____    ____________________    ___________________   1980     $ (1,073,590,197)         -0-   1981      (458,366,008)         -0-   1982         -0-          $ 1,631,010   1983         -0-          527,861,679   1984       323,669,637       1,356,138,685   1985      1,311,979,860          -0-
Taking into account agreed adjustments, the table in appendix C shows the result if petitioner is allowed to change its *468 reporting for foreign *39 taxes accrued in 1980, 1981, and 1982 from a deduction to a credit.
DISCUSSION
The issue at hand involves three sections of the Code; namely, sections 901, 904, and 6511. These sections provide in relevant part as follows:   SEC. 901. TAXES OF FOREIGN COUNTRIES AND OF POSSESSIONS OF UNITED     STATES.     (a) Allowance of Credit. -- If the taxpayer chooses to have   the benefits of this subpart, the tax imposed by this chapter   shall, subject to the limitation of section 904, be credited   with the amounts provided in the applicable paragraph of   subsection (b) plus, in the case of a corporation, the taxes   deemed to have been paid under sections 902 and 960. Such choice   for ANY TAXABLE YEAR may be made or changed at any time before   the expiration of the period prescribed for making a claim for   credit or refund of the tax imposed by this chapter FOR SUCH   TAXABLE YEAR. * * * [Emphasis added.]   SEC. 904. LIMITATION ON CREDIT.     (a) Limitation. -- The total amount of the credit taken   under section 901(a) shall not exceed the same proportion of *40 the   tax against which such credit is taken which the taxpayer's   taxable income from sources without the United States (but not   in excess of the taxpayer's entire taxable income) bears to his   entire taxable income for the same taxable year. * * *           *   *   *   *   *   *   *     (c) Carryback and Carryover of Excess Tax Paid. -- Any   amount by which all taxes paid or accrued to foreign countries   or possessions of the United States for any taxable year for   which the taxpayer chooses to have the benefits of this subpart   exceed the limitation under subsection (a) shall be deemed taxes   paid or accrued to foreign countries or possessions of the   United States in the second preceding taxable year, in the first   preceding taxable year, and in the first, second, third, fourth,   or fifth succeeding taxable years, in that order and to the   extent not deemed taxes paid or accrued in a prior taxable year   * * *   SEC. 6511. LIMITATIONS ON CREDIT OR REFUND.     (a) Period of Limitation on Filing Claim. -- Claim *41 for   credit or refund of an overpayment of any tax imposed by this   title in respect of which tax the taxpayer is required to file a   return shall be filed by the taxpayer within 3 years from the   time the return was filed or 2 years from the time the tax was   paid, whichever of such periods expires the later, * * *           *   *   *   *   *   *   *     (d) Special Rules Applicable to Income Taxes. --           *   *   *   *   *   *   *
*469         (3) Special rules relating to foreign tax credit. --          (A) Special period of limitation with respect to        foreign taxes paid or accrued. If the claim for credit        or refund relates to an overpayment attributable to        any taxes paid or accrued to any foreign country or to        any possession of the United States for which credit        is allowed against the tax imposed by subtitle A in        accordance with the provisions of section 901 or the     *42    provisions of any treaty to which the United States is        a party, in lieu of the 3-year period of limitation        prescribed in subsection (a), the period shall be 10        years from the date prescribed by law for filing the        return for the year with respect to which the claim is        made.
Section 901(a) allows a taxpayer such as petitioner to elect to credit income taxes owed to a foreign country in lieu of deducting them under section 164(a)(3). [2] Respondent argues that petitioner's election was untimely. Respondent asserts that the phrases "for any taxable year" and "for such taxable year" that appear in section 901(a) refer to petitioner's 1980, 1981, and 1982 taxable years rather than petitioner's 1985 taxable year. Petitioner argues that its election was timely. Because section 904(c) allows a taxpayer to carry over a foreign tax credit for up to 5 years, petitioner asserts, section 901(a), when read in the light of section 6511(d)(3)(A), generally allows a taxpayer up to 15 years to elect or change its election under section 901(a). Petitioner concludes that the relevant *43 phrases refer to the year for which the overpayment is claimed on account of the foreign taxes; here, 1985. Petitioner asserts that its conclusion comports with Congress' intent for section 901(a), i.e., to avoid subjecting a taxpayer's foreign earnings to taxation by both the foreign country and the United States, and that its conclusion is consistent with the application of section 6511(d)(3)(A).
We agree with respondent that the 10-year period under section 901(a) is measured from the years for which P elected the foreign tax credits; i.e., 1980, 1981, and 1982. [3] We read *470 the phrase "for such taxable year" to refer to the "any taxable year" specified at the beginning of the same sentence, or, in other words, to the year for which the election of the foreign tax credit is made. The only other *44 time that Congress used the word "such" in section 901(a) it did so to refer to the "choice" made by the taxpayer described in the first sentence of section 901(a). We believe it logical to conclude that Congress' use of the second "such", i.e., the one at issue, refers to the only "taxable year" described in section 901(a); namely, the year for which the election of the foreign tax credit is made.
*45 Our reading comports with the Commissioner's regulations prescribed under section 901(a). Section 1.901-1(d), Income Tax Regs., provides that "The taxpayer may, for a particular taxable year, claim the benefits of section 901 (or claim a deduction in lieu of a foreign tax credit) at any time before the expiration of the period prescribed by section 6511(d)(3)(A)". Here, petitioner aims to "claim the benefits of section 901" for 1980, 1981, and 1982 and not for 1985. The benefits which petitioner is attempting to avail itself of in 1985 are the benefits of section 904(c).
We are mindful that the Court of Claims entered an order in the case of Allatt v. United States, 218 Ct. Cl. 694 (1978), that effectively allowed the taxpayer to make an election under section 901(a) outside the 10-year period discussed herein. It does not appear, however, that in that case the Commissioner raised, or the court addressed, an argument comparable to the one made by respondent here. In fact, the underlying opinion in Allatt addresses only the Commissioner's motion for summary judgment in which he sought (but the court rejected) an interpretation of section 901 *46 that would limit to 3 years the time to make an election under section 901(a).
We hold that petitioner's elections for 1980, 1981, and 1982 were untimely. Accordingly, we will grant respondent's motion for partial summary judgment.
An appropriate order will be issued granting respondent's motion for partial summary judgment.     APPENDIX A -- Information Shown on Original Returns     Reportable       NOL     Sec. 78     Foreign
Year   taxable income    carryforward   gross-up    tax deducted
____   ______________    ____________   ________    ____________
1980   ($ 1,060,731,645)     -0-     $ 17,945,227   $ 34,556,085
1981    (489,345,867)     -0-        -0-      7,020,844
1982       -0-      $ 58,634,098     -0-      3,631,958
1983       -0-      331,319,906     -0-       -0-
1984       -0-     1,381,445,931     -0-       -0-
1985     918,244,402    197,091,387     -0-       -0-     APPENDIX B -- Information *47 Shown on Amended Returns     Reportable       NOL     Sec. 78     Foreign
Year   taxable income    carryforward   gross-up    tax deducted
____   ______________    ____________   ________    ____________
1980   ($ 1,017,489,081)     -0-     $ 26,631,706      -0-
1981    (476,743,564)     -0-      5,581,459      -0-
1982       -0-      $ 29,960,453    4,225,518      -0-
1983       -0-      328,059,940     -0-       -0-
1984       -0-     1,381,295,514     -0-       -0-
1985     951,917,484    129,375,575     -0-       -0-      Creditable     Sec. 901     Sec. 902
Year    foreign taxes    direct tax    deemed tax
____    _____________    __________    __________
1980    $ 43,242,564    $ 16,610,858  $ 26,631,706
1981     12,602,303     7,020,844    5,581,459
1982      7,857,476     3,631,958    4,225,518
1983       -0-    *48     -0-       -0-
1984       -0-        -0-       -0-
1985       -0-        -0-       -0-   APPENDIX C -- Result If Petitioner Is Allowed To Change Its     Reporting for Foreign Taxes Accrued in 1980, 1981,        and 1982 From a Deduction to a Credit                  Total                 creditable    Total     Sec. 78    Sec. 901    Sec. 902    foreign   deduction    income
Year  direct taxes  deemed taxes   taxes    decreased    increase
____  ____________  ____________ __________   _________    ________
1980 $ 14,997,403  $ 26,631,706 $ 41,629,109 $ 34,556,085 $ 8,686,479
1981   6,901,732    5,581,459   12,483,191   7,020,844   5,581,459
1982   3,631,958    4,225,518   7,857,476   3,631,958   4,225,518 Footnotes
1. The parties also dispute whether petitioner timely claimed a refund under sec. 6511(d)(3)(A)↩. On the basis of our holding on the issue before us, we need not decide that dispute.
2. While accrued foreign taxes must ultimately be paid to be eligible for credit, see sec. 905(b); see also sec. 1.901-2(e), Income Tax Regs.↩, proof of payment is not at issue in this case.
3. At the outset, we note that petitioner relies in part on legislative actions (including the release of committee reports) that occurred many years after the enactment of sec. 901(a) to construe the legislative intent underlying that section. We do not do likewise. As we stated in Central Reserve Life Corp. & Subs. v. Commissioner, 113 T.C. 231, 238 (1999) (citations and quotation marks omitted):   It is emphatically the province and duty of the judicial   department to say what the law is, and the views of one Congress   as to the meaning of prior legislation have little bearing on a   court's furtherance of that duty. Such is especially true in the   instant case where few of the legislators who voted on the   subsequent legislation * * * were members of Congress * * * [at   the time of the original legislation].↩